*228 ORDER
MARK W. POULEY, Chief Judge.
THIS MATTER came on before this Court on Defendant’s MOTION TO DISMSS for lack of probable cause. This opinion and order is limited to the Defendant’s challenges to charges of possession of drug paraphernalia found in Count 6 (digital scale) and Count 11 ($25 Master-card gift ward and/or DVD case) of the Amended complaints. The Defendant was charged with multiple counts of possession of controlled substances, conspiracy to deliver controlled substances, and possession of drug paraphernalia. The Plaintiff offers the testimony of witnesses and statements of the defendant allegedly supporting the claim that defendant possessed, used and was involved with distribution of controlled substances from his home. Crime lab results appear to support the claim that controlled substances were found in the home and some items of alleged paraphernalia contained residue of controlled substances. The items identified in Counts 6 and 11 do not, however, appear to have any confirmed lab results indicating the existence of any residue of controlled substances on the objects.
The Defendant argues that the items identified in counts 6 and 11 are ordinary household items, lacking proof of chemical composition of residue, the Plaintiff lacks probable cause to charge possession of drug paraphernalia for these items. The court rejects the notion that household items are per se exempt from prosecution as drug paraphernalia. Of course, an innocent object does not transform itself into drug paraphernalia absent a showing that it was used, or intended to be used, in the ingestion, production, or delivery of controlled substances. See, State v. Valencia, 148 Wash.App. 302, 320, 198 P.3d 1065 (2009). STC 4-11.010 very broadly defines items that may be drug paraphernalia to easily include ordinary household items and STC 4-11.020 provides many methods to prove an item is drug paraphernalia in addition to subsection (E), “the existence of any residue of controlled substances on the- object.” While chemical analysis may be the most powerful proof available, the statute does not demand such limitations.
While it may be challenging for the Plaintiff to prove beyond a reasonable doubt that the items identified in Counts 6 and 11 are in fact “drug paraphernalia” and not the ordinary household items that they appear to be, that is not the measure the court must employ to determine if the burden of probable cause has been met. For purposes of a finding of probable cause the court must look to the entire context of the arrest and the many other *229 factors that may be utilized to prove the nature of these items. Given the evidence other than positive lab results available to the Plaintiff to argue to the fact-finder that the items identified in Counts 6 & 11 were used to ingest, prepare, store, package or conceal controlled substances, the court must find there is probable cause to proceed with these charges. Whether sufficient evidence to support a finding of guilt has been developed by the Plaintiff or will be presented at trial is a decision left to the trier of fact.
Based upon the facts and conclusions of the court, THE MOTION TO DISMISS COUNTS 6 & 11 is DENIED.
/s/ Mark W. Pouley
Mark W. Pouley, Chief Judge
Swinomish Tribal Court